LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
AL-ALAMIYAH FOR MANUFACTURING
TEMPERED GLASS CO.,                                         **ECF CASE**

        Plaintiff,

                                              **07 Civ. 10285 (HB)**

   - against -

M/V MSC CAROLINA, her engines, tackle, boiler, etc,         **ANSWER**
*In rem,* MEDITERRANEAN SHIPPING COMPANY
S.A. and CAROLINA, *in Personam*,

        Defendant.
-------------------------------------------------------------------x

       Defendant MEDITERRANEAN SHIPPING COMPANY, S.A., ("MSC" or Answering Defendant") by its attorneys, Lyons & Flood, LLP, for its answer to Plaintiff's Complaint, alleges upon information and belief as follows:

       1.    Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that jurisdiction is predicated upon 28 U.S.C. § 1331.

       2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

       3.    Admits that MSC is a foreign corporation and is engaged in business as a common carrier of merchandise by water for hire and at all times hereinafter mentioned,

operated the MSC CAROLINA, but except as so specifically admitted, denies the remaining allegations contained in paragraph 3 of the Complaint.

4.  Admits that on or about January 18, 2007, two containers numbered GCEU4450677 and MSCU2509950 were delivered to MSC in Houston, Texas for shipment to Kuwait pursuant to a bill of lading numbered MSCUHS806522, but except as so specifically admitted, denies the remaining allegations contained in paragraph 4 of the Complaint.

5.  Admits that the M/V CAROLINA arrived at the port of destination described in Schedule A of the Complaint, but except as so specifically admitted, denies the remaining allegations contained in paragraph 5 of the Complaint.

6.  Denies the allegations contained in paragraph 6 of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.  Denies the allegations contained in paragraph 8 of the Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. Any loss or damage to the goods, as alleged in the Complaint, which is denied, arose or resulted from the pre-shipment condition of the goods and/or from inherent defect, quality or vise of goods, or insufficiency of packaging or marks or by act or omission of the shipper, or owner of the goods, its agents or representatives, or other third-parties and not by Answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

11. The shipment which is the subject of this suit was carried pursuant to the terms and conditions of a certain bill of lading and tariff, by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and the Answering Defendant claims the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

**THIRD AFFIRMATIVE DEFENSE**

12. The nature and valuation of the goods were not declared by the shipper before the shipment and inserted in the bill of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and MSC's bill of lading.

**FOURTH AFFIRMATIVE DEFENSE**

13. Due diligence was exercised on behalf of the carrier to make the vessels and their appurtenances seaworthy, and to make the holds and all other parts of the carrying ships in which the goods were carried fit and safe for the reception, carriage and preservation of such shipment. Any losses, injuries or damages alleged to have been suffered by the shipment were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the plaintiff, shipper, their agent, or employee, or due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of COGSA, or provisions of said bill of lading or tariff or other applicable provisions of contracts of carriage or of law.

### FIFTH AFFIRMATIVE DEFENSE

14. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the plaintiff or third-party, and not by Answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to properly and fully mitigate its damages.

### SEVENTH AFFIRMATIVE DEFENSE

16. The Complaint fails to state a cause of action upon which relief can be granted.

### EIGHTH AFFIRMATIVE DEFENSE

17. Plaintiff is not the real parties in interest and is not entitled to maintain this action.

WHEREFORE, DEFENDANT MEDITERRANEAN SHIPPING COMPANY, S.A., respectively requests judgment dismissing the Complaint, and awarding them costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
       January 18, 2008

>            LYONS & FLOOD, LLP
>            Attorneys for Defendant
>            MEDITERRANEAN SHIPPING COMPANY S.A.
>
>            By: _____
>                Edward P. Flood (EPF-5797)
>                Lyons & Flood, LLP
>                65 W 36th Street, 7th Floor
>                New York, New York 10018
>                (212) 594-2400

- 5 -

TO:   Hill Rivkins & Hayden LLP
      Attorneys for the Plaintiff
      45 Broadway, Suite 1500
      New York, New York 10006
      (212) 669-0600
      Attn:   Thomas E. Willoughby

U:\FLOODDOC\2549112\Pleadings\Answer.doc